UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
*******************************
FRANK P. ZAINO,              *
        Plaintiff,           *          Civil Action No. 05-10037 NG
                             *
v.                           *
                             *
EDWARDS BOAT YARD, INC.,     *
        Defendant.           *
                             *
*******************************
```

**PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT
– UNOPPOSED –**

The Plaintiff, Frank P. Zaino ("Zaino"), pursuant to Rule 15 of the Federal Rules of

Civil Procedure, respectfully requests leave to file an Amended Complaint by adding a

Count for Breach of the General Maritime Law Warranty of Workmanlike Performance.

The Defendant, Edwards Boat Yard, Inc. ("Edwards"), does not oppose this motion.

In support of its motion Zaino states as follows:

I.  Introduction

Zaino's recreational vessel, the M/B GOINDEEP ("vessel") had been exclusively

maintained, repaired and serviced by Edwards from approximately November 20, 1998 to

July 25, 2002.  On several occasions, Zaino's vessel had to be towed to Edwards' facility

where he then complained to Edwards about the performance of the vessel's engine and that

it seemed to be overheating.  Defendant's reply to each such complaint was an assurance that

the engine was operating normally.

On July 16, 2002, Zaino took his family aboard his vessel and out onto the ocean. While out, the engine overheated and caused a fire to start in the engine compartment. As a result of the fire, Zaino and his family were forced to perform an emergency evacuation at sea during which time Zaino sustained serious personal injuries.

Through the course of discovery, Zaino's counsel has come to the conclusion that the General Maritime Law Warranty of Workmanlike Performance has been breached. As such, this court, pursuant to Fed.R.Civ.P. 15, has the authority to "freely give" the requested leave because "justice so requires" it. *See* Fed.R.Civ.P. 15(a).

II. <u>Law and Argument</u>

<u>Amendment of Pleadings Pursuant to Fed.R.Civ.P. 15, the U.S. Supreme Court and the First Circuit</u>

Fed.R.Civ.P. 15 governs the manner in which parties shall be permitted to amend their pleadings. Rule 15 states that a party may amend its pleading by "leave of court" and that such "**leave shall be freely given when justice so requires**." *See* Fed.R.Civ.P. 15(a) (emphasis added); *see also* Baicker-McKee, <u>*Federal* Civil Rules Handbook</u>, Rule 15 at 411 *and associated* Authors' Commentary on Rule 15 at 417 and FN 14 (West 2005) *citing to* <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962) (leave "should be freely given in [the] absence of any apparent or declared reasons such as undue delay, bad faith or dilatory motive on part of movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to opposing party by virtue of allowance of amendment, and futility of amendment.").

Zaino states that none of the "apparent or declared reasons" outlined by the U.S. Supreme Court *supra* are found here nor do they apply to the instant motion.

In addition to U.S. Supreme Court precedent, our First Circuit has stated that, "While leave to amend 'shall be freely given when justice so requires,' . . . parties seeking the benefit of the rule's liberality have an obligation to exercise due diligence; unseemly delay, in combination with other factors, may warrant denial of a suggested amendment." *See* Quaker State Oil Refining Corp., 884 F.2d 1510, 1517 (1st Cir. 1989) *citing to* Foman v. Davis, 371 U.S. 178, 182 (1962) *and* Imperial Enterprises, Inc. v. Fireman's Fund Ins. Co., 535 F.2d 287, 293 (5th Cir. 1976). Application of the Rule "requires" the court "to examine the totality of the circumstances and exercise sound discretion in light of the pertinent balance of equitable considerations." *See* Id. *referring to* (e.g.) T.J. Stevenson & Co. v. 81,193 Bags of Flour, 629 F.2d 338, 370-71 (5th Cir. 1980) (discussing an omitted counterclaim).

Zaino has exercised due diligence and, as the parties are still in the midst of discovery, there has been no undue delay. In addition, since Edwards does not oppose and since they will not be unfairly prejudiced by the allowance of this motion, "the pertinent balance of equitable considerations" is weighted in favor of allowance.

Last, allowance of this motion fits as easily under Fed.R.Civ.P. 15(b) as it does under Rule 15(a). Under Rule 15(b), this court may permit Zaino's amendment to conform to the evidence. *See* Fed.R.Civ.P. 15(b). Zaino has recently come to learn by way of his expert, Captain Kevin Duchak, that Edwards' invoices, produced during the course of discovery, exhibit the breach of warranty that Zaino now seeks to claim. It remains undisputed that Edwards' invoices shall be admitted into evidence as business records at the trial of this matter.

III.  Conclusion

Recent developments during the course of discovery in addition to the advice of Zaino's expert, have led to the necessity of amending the Complaint in this action.  Edwards' counsel stated at the October 25, 2006 Status Conference that he does not oppose such an amendment and no prejudice shall result from its allowance.  A draft of the Amended Complaint is attached here for this court's review.  *See* Exhibit A.

**PLAINTIFF'S LOCAL RULE 7.1(A)(2) CERTIFICATION**

Zaino certifies that a good faith attempt has been made to obtain concurrence in the relief sought and that such efforts have resulted in Edwards' position that they are not opposed to this motion.

Respectfully submitted,
Frank Zaino,
By his attorney,


 _/s/ David B. Kaplan_
David B. Kaplan, B.B.O. No. 258540
**THE KAPLAN/BOND GROUP**
88 Black Falcon Avenue, Suite 301
Boston, MA 02210
(617) 261-0080

I hereby certify that a true copy of the above document was served upon each attorney of record by ECF on October 25, 2006.


 _/s/ David B. Kaplan_

Date: October 25, 2006

# Exhibit A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
******************************
FRANK P. ZAINO,                  *
        Plaintiff,               *              Civil Action No. 05-10037 NG
                                 *
v.                               *
                                 *
EDWARDS BOAT YARD, INC.,         *              AMENDED COMPLAINT
        Defendant.               *
                                 *
******************************
```

## INTRODUCTION

1.  This is an action for breach of a maritime warranty and personal injuries that arose out of

    Defendant's negligent maintenance of Plaintiff's vessel.  The Plaintiff asserts the following

    General Maritime Law causes of action against the Defendant: 1) Breach of the Warranty

    of Workmanlike Performance; 2) Negligence, Gross Negligence and/or recklessness; and

    3) Punitive Damages.

## JURISDICTION AND VENUE

2.  This is a case of general maritime jurisdiction pursuant to 28 U.S.C. § 1333(1).

3.  Venue is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

4.  The Plaintiff, Frank P. Zaino, is an individual who resides in East Falmouth,

    Massachusetts.

5.  The Defendant, Edwards Boat Yard, Inc., is a Massachusetts corporation with a usual place

    of business at 1209 East Falmouth Highway, East Falmouth, Massachusetts.

1

## FACTUAL ALLEGATIONS

6.   Plaintiff owned a Laval Express Cruiser, Hull No. ZAS06075H889 ("vessel").

7.   The Plaintiff's vessel was exclusively maintained by the Defendant from approximately November 20, 1998 to July 25, 2002.

8.   The Plaintiff relied exclusively upon the Defendant for all mechanical and professional services performed on the vessel.

9.   On several occasions, Plaintiff had to be towed to Defendant's facility where he then complained to Defendant about the performance of the vessel's engine and that it seemed to be overheating.

10.  Defendant's reply to each such complaint was an assurance that the engine was operating normally.

11.  On July 16, 2002, Plaintiff took his vessel out onto the ocean.  While out, the engine overheated and caused a fire to start in the engine compartment.

12.  Plaintiff and his family were forced to perform an emergency evacuation of the vessel at sea during which time Plaintiff sustained serious personal injuries.

13.  At all relevant times, Plaintiff's vessel was in navigable waters and Plaintiff was in the exercise of due care.

14.  Plaintiff's injuries are due to the recklessness, gross negligence and/or negligence of the Defendant, its agents, servants and/or employees and Defendant's conscious disregard for the Plaintiff's rights and safety.

15.  The damage to Plaintiff's vessel is due to the Defendant's breach of the Warranty of Workmanlike Performance.

<u>**COUNT I**</u>
FRANK P. ZAINO v. EDWARDS BOAT YARD, INC.
General Maritime Law – Negligence

16.  Paragraphs 1-15 are incorporated here by reference.

17.  Plaintiff's injuries were sustained by no fault of his own, but were caused by Defendant's negligence, gross negligence, recklessness and/or conscious disregard for the Plaintiff's rights and safety.

18.  As a result of his injuries, Plaintiff has suffered great pain of body and anguish of mind, incurred medical and hospital expenses, lost time from his usual work, and has suffered and continues to suffer other damages as will be shown at trial.

19.  This cause of action is brought under the General Maritime Law for Negligence.

**REQUEST FOR RELIEF**

20.  That this court enter judgment in favor of the Plaintiff against the Defendant.

21.  For such other relief as this court deems appropriate.

<u>**COUNT II**</u>
FRANK P. ZAINO v. EDWARDS BOAT YARD, INC.
General Maritime Law – Punitive Damages

22.  Paragraphs 1-21 are incorporated here by reference.

23.  As a result of Defendant's reckless and/or gross negligence Plaintiff suffered property damage, severe injuries, great pain of body, anguish of mind and other damages as will be shown at trial.

24.  The conduct of the Defendant demonstrated willful, wanton and reckless behavior and a conscious disregard for Plaintiff's rights and safety.

25.  This cause of action is brought under the General Maritime Law for Punitive Damages.

3

**REQUEST FOR RELIEF**

26.   That this court enter judgment in favor of the Plaintiff against the Defendant.

27.   For such other relief as this court deems appropriate.

**COUNT III**
FRANK P. ZAINO v. EDWARDS BOAT YARD, INC.
General Maritime Law – Breach of the Warranty of Workmanlike Performance

28.   Paragraphs 1-27 are incorporated here by reference.

29.   Each repair and/or service rendered to Plaintiff by Defendant was a maritime contract of repair memorialized in Defendant's invoices.

30.   The warranty of workmanlike performance is implied in every maritime repair contract and other maritime services contracts.

31.   Defendant had a duty to affect their services in a workmanlike manner and to perform all work with reasonable skill and care commensurate with the risks of harm attendant to normal use of the repaired item.

32.   Defendant failed to affect their services in a workmanlike manner and failed to perform all work with reasonable skill and care commensurate with the risks of harm attendant to normal use of the repaired item.

33.   As a result of Defendant's failures, Plaintiff's vessel was severely damaged and Plaintiff has suffered great pain of body and anguish of mind, incurred medical and hospital expenses, lost time from his usual work, and has suffered and continues to suffer other damages as will be shown at trial.

34.   This cause of action is brought for Breach of the General Maritime Law Warranty of Workmanlike Performance.

4

**REQUEST FOR RELIEF**

35.    That this court enter judgment in favor of the Plaintiff against the Defendant.

36.    For such other relief as this court deems appropriate.


**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL COUNTS.**


Respectfully submitted,
Frank Zaino,
By his attorney,


  /s/ David B. Kaplan
David B. Kaplan, B.B.O. No. 258540
**THE KAPLAN/BOND GROUP**
88 Black Falcon Avenue, Suite 301
Boston, MA 02210
(617) 261-0080


Date: October 25, 2006

5