UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
*******************************
FRANK P. ZAINO,               *
       Plaintiff,             *        Civil Action No. 05-10037 NG
                              *
v.                            *
                              *
EDWARDS BOAT YARD, INC.,      *        AMENDED COMPLAINT
       Defendant.             *
                              *
*******************************
```

## INTRODUCTION

1. This is an action for breach of a maritime warranty and personal injuries that arose out of Defendant's negligent maintenance of Plaintiff's vessel. The Plaintiff asserts the following General Maritime Law causes of action against the Defendant: 1) Breach of the Warranty of Workmanlike Performance; 2) Negligence, Gross Negligence and/or recklessness; and 3) Punitive Damages.

## JURISDICTION AND VENUE

2. This is a case of general maritime jurisdiction pursuant to 28 U.S.C. § 1333(1).

3. Venue is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

4. The Plaintiff, Frank P. Zaino, is an individual who resides in East Falmouth, Massachusetts.

5. The Defendant, Edwards Boat Yard, Inc., is a Massachusetts corporation with a usual place of business at 1209 East Falmouth Highway, East Falmouth, Massachusetts.

1

## FACTUAL ALLEGATIONS

6. Plaintiff owned a Laval Express Cruiser, Hull No. ZAS06075H889 ("vessel").

7. The Plaintiff's vessel was exclusively maintained by the Defendant from approximately November 20, 1998 to July 25, 2002.

8. The Plaintiff relied exclusively upon the Defendant for all mechanical and professional services performed on the vessel.

9. On several occasions, Plaintiff had to be towed to Defendant's facility where he then complained to Defendant about the performance of the vessel's engine and that it seemed to be overheating.

10. Defendant's reply to each such complaint was an assurance that the engine was operating normally.

11. On July 16, 2002, Plaintiff took his vessel out onto the ocean. While out, the engine overheated and caused a fire to start in the engine compartment.

12. Plaintiff and his family were forced to perform an emergency evacuation of the vessel at sea during which time Plaintiff sustained serious personal injuries.

13. At all relevant times, Plaintiff's vessel was in navigable waters and Plaintiff was in the exercise of due care.

14. Plaintiff's injuries are due to the recklessness, gross negligence and/or negligence of the Defendant, its agents, servants and/or employees and Defendant's conscious disregard for the Plaintiff's rights and safety.

15. The damage to Plaintiff's vessel is due to the Defendant's breach of the Warranty of Workmanlike Performance.

## COUNT I
### FRANK P. ZAINO v. EDWARDS BOAT YARD, INC.
### General Maritime Law – Negligence

16. Paragraphs 1-15 are incorporated here by reference.

17. Plaintiff's injuries were sustained by no fault of his own, but were caused by Defendant's negligence, gross negligence, recklessness and/or conscious disregard for the Plaintiff's rights and safety.

18. As a result of his injuries, Plaintiff has suffered great pain of body and anguish of mind, incurred medical and hospital expenses, lost time from his usual work, and has suffered and continues to suffer other damages as will be shown at trial.

19. This cause of action is brought under the General Maritime Law for Negligence.

### REQUEST FOR RELIEF

20. That this court enter judgment in favor of the Plaintiff against the Defendant.

21. For such other relief as this court deems appropriate.

## COUNT II
### FRANK P. ZAINO v. EDWARDS BOAT YARD, INC.
### General Maritime Law – Punitive Damages

22. Paragraphs 1-21 are incorporated here by reference.

23. As a result of Defendant's reckless and/or gross negligence Plaintiff suffered property damage, severe injuries, great pain of body, anguish of mind and other damages as will be shown at trial.

24. The conduct of the Defendant demonstrated willful, wanton and reckless behavior and a conscious disregard for Plaintiff's rights and safety.

25. This cause of action is brought under the General Maritime Law for Punitive Damages.

**REQUEST FOR RELIEF**

26. That this court enter judgment in favor of the Plaintiff against the Defendant.

27. For such other relief as this court deems appropriate.

**COUNT III**
FRANK P. ZAINO v. EDWARDS BOAT YARD, INC.
General Maritime Law – Breach of the Warranty of Workmanlike Performance

28. Paragraphs 1-27 are incorporated here by reference.

29. Each repair and/or service rendered to Plaintiff by Defendant was a maritime contract of repair memorialized in Defendant's invoices.

30. The warranty of workmanlike performance is implied in every maritime repair contract and other maritime services contracts.

31. Defendant had a duty to affect their services in a workmanlike manner and to perform all work with reasonable skill and care commensurate with the risks of harm attendant to normal use of the repaired item.

32. Defendant failed to affect their services in a workmanlike manner and failed to perform all work with reasonable skill and care commensurate with the risks of harm attendant to normal use of the repaired item.

33. As a result of Defendant's failures, Plaintiff's vessel was severely damaged and Plaintiff has suffered great pain of body and anguish of mind, incurred medical and hospital expenses, lost time from his usual work, and has suffered and continues to suffer other damages as will be shown at trial.

34. This cause of action is brought for Breach of the General Maritime Law Warranty of Workmanlike Performance.

## REQUEST FOR RELIEF

35. That this court enter judgment in favor of the Plaintiff against the Defendant.

36. For such other relief as this court deems appropriate.

## PLAINTIFF DEMANDS TRIAL BY JURY ON ALL COUNTS.

Respectfully submitted,
Frank Zaino,
By his attorney,

 /s/ David B. Kaplan
David B. Kaplan, B.B.O. No. 258540
**THE KAPLAN/BOND GROUP**
88 Black Falcon Avenue, Suite 301
Boston, MA 02210
(617) 261-0080

> I hereby certify that a true copy of the above document was served upon each attorney of record by ECF on November 16, 2006.
>
>  /s/ David B. Kaplan

Date: November 16, 2006